## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-20028-01-DDC |
| DARRIAN M. VANDUNK (01), | |
| Defendant. | |

## <u>MEMORANDUM AND ORDER</u>

Defendant Darrian M. Vandunk has moved for review of the Order of Dention (Doc. 82) entered by Magistrate Judge Teresa J. James on February 27, 2023. *See* Doc. 84 (Def.'s Mot.). He invokes 18 U.S.C. § 3145(b), which permits a defendant in a criminal case to seek review of such an Order. He has demanded a de novo review, which is his right. *See United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990) ("We believe that the proper approach is for the district court to engage in *de novo* review of the contested order."); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (district court review of magistrate judge's detention or release order under § 3145(a) is de novo). The court has engaged here in de novo review, giving no deference to the Magistrate Judge's findings, and concludes that Judge James's Order of Detention should remain in place.

The court's review included a review of the parties' filings—Doc. 84 and Doc. 96 (Gov't's Resp. and attachments). The court also conducted an in-person hearing on March 30, 2023, where Mr. Vandunk appeared in person. At this hearing, both parties elected to proceed on proffers by counsel. Neither party elected to present evidence, and neither party objected to the other's proffer.

The court began that hearing by reciting its belief that the government had charged Mr. Vandunk with a crime that produced a rebuttable presumption of detention.  *See* § 3142(e)(3); *see also United States v. Villapudua-Quintero*, 308 F. App'x 272, 273 (10th Cir. 2009). Defendant agreed with this premise.  Because of this presumption of detention, the court first heard from defense counsel.  She proffered facts defendant deemed relevant, and provided argument.  The government's argument and proffer followed.  Based on the parties' proffers, the court finds Mr. Vandunk hasn't provided any persuasive reason rebutting the presumption in favor of detention.  But even if he had, the government has shouldered its ultimate burden to show, by clear and convincing evidence, that the court should detain him pending trial.  *United States v. Stricklin*, 932 F.2d 1353, 1354–55 (10th Cir. 1991) (once presumption invoked "burden of production shifts to the defendant" but burden of persuasion "always remains with the government").

Under the Bail Reform Act of 1984, a court must order pretrial release unless it finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  § 3142(e).  When it makes this determination, the court must "take into account the available information" about the four factors specified by Congress.  *See* § 3142(g)(1)-(4).  At one point, Mr. Vandunk qualified for pretrial release and so, Magistrate Judge James ordered him released subject to conditions on August 24, 2022.  Doc. 22.  But what the court now knows about Mr. Vandunk's capacity and willingness to honor even the most basic conditions imposed on him has changed since then.

The Magistrate Judge's Order Setting Conditions of Release (Doc. 22) ordered defendant, among other things, to:  (a) continue to seek employment; (b) avoid all contact with various people, including his co-defendant Kaylan Coppage (excepting communications about their

minor children); (c) abide by specified sex offender registration requests, including their restrictions and prohibition against computer, internet and social media use; and (d) abstain from using or possessing unlawfully any narcotic drug or other controlled substances. *Id.* at 2–5. On defendant's motion, the court supplemented these conditions after a hearing held on November 4, 2022. *See* Doc. 45. This Order amended and supplemented his earlier condition on other subjects, but all previous conditions remained in full force and effect. *Id.* The Order supplementing Mr. Vandunk's conditions also warned that, given some concerns about his compliance, his conditions were "zero (0) tolerance." *Id.* at 1–2.

Based on the proffers during the March 30 hearing, the court finds that defendant has violated several of his conditions. He has failed to continue his employment (or actively seeking replacement employment). He failed to limit his communications with co-defendant Coppage to permissible subjects. He has possessed and used proscribed electronic devices and actively participated in social media exchanges. He has used marijuana. But most troubling of all, Mr. Vandunk has tried to conceal his disobedience by lying to the court. Specifically, when questioned about his employment status at the revocation hearing before Judge James on February 27, 2023, he told the court he was still employed; and, indeed, he represented that he had worked on a Thursday shortly before the February 27, 2023, hearing when the court revoked his release, *i.e.*, February 23. But after some digging, the true facts revealed that this purported employer had discharged him for "no call/no show" before the Thursday when Mr. Vandunk claimed he had worked. Finally, Mr. Vandunk tried to mitigate his failure to comply with the internet and social media restrictions. Tellingly, he said he believed (mistakenly, he now concedes) that he thought he "could get away with it"—meaning non-compliance. To say the obvious, Mr. Vandunk's explanation didn't help his case.

The court concludes that there is no condition that can protect the court's interests or the public for a defendant who has demonstrated he is unwilling to comply with conditions and will conceal his disobedience and, worse yet, supply falsehoods to cover his noncompliance.  The court, after taking into account all the factors in § 3142(g), finds that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or reasonably assure the safety of the community.  The government has sustained its burden, providing clear and convincing proof to establish these findings.  The court thus denies defendant Darrian M. Vandunk's Motion for Review of Detention Order (Doc. 84).  He must remain in custody pending trial or other order of this court.

**IT IS SO ORDERED.**

**Dated this 18th day of April, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**