IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DARRIAN VANDUNK (01)<br><br>　　　　Defendant. | Case No. 22-20028-01-DDC |

### MEMORANDUM AND ORDER

Defendant Darrian Vandunk filed a pro se[1] Motion for Adjustment of Sentence (Doc. 164). The motion invokes 18 U.S.C. § 3582(c)(2), which authorizes the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Mr. Vandunk asserts that the Sentencing Commission lowered his sentence with the retroactive Amendment 821 to the Sentencing Guidelines. The court disagrees, as explained below.

In July 2023, Mr. Vandunk pleaded guilty to knowingly persuading, inducing, enticing, and coercing a minor female to travel in interstate commerce with the intent that the minor engage in prostitution, violating 18 U.S.C. § 2422(a). Doc. 126. Based on the 2021 Guidelines Manual, Mr. Vandunk had a total offense level of 25. Doc. 148 at 8 (PSR ¶ 25). Mr. Vandunk's criminal history score was zero, establishing a criminal-history category of I. *Id.* at 9 (PSR ¶ 40). An offense level and a criminal-history category of I established a Guideline range of 57 to 71 months. *Id.* at 12 (PSR ¶ 57). Based on Mr. Vandunk's plea agreement, Doc. 127 at 4, the court

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

sentenced Mr. Vandunk to imprisonment for 60 months. Doc. 151 at 2. Mr. Vandunk now contends that Amendment 821 to the United States Sentencing Guidelines reduces his sentence.

If the Sentencing Commission lowers a defendant's sentencing range, the court can modify the sentence under 18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) plainly tells us a defendant must overcome three distinct hurdles before he may obtain a sentence reduction thereunder." *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (emphases omitted). The court need only consider the first hurdle here: "under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing. If not, the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed." *Id.* Mr. Vandunk fails to clear this first hurdle; he invokes both parts of Amendment 821 but neither lowers his Guideline range.

Amendment 821, Part A lowered the criminal-history points a defendant receives if he committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." United States Sentencing Commission, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Dec. 19, 2025). Mr. Vandunk didn't receive any criminal-history points—much less any criminal-history points for committing the offense while under a criminal-justice sentence—so this provision of Amendment 821 doesn't apply to him.

Amendment 821, Part B created a new provision for Zero-Point Offenders. U.S.S.G. § 4C1.1. This provision provides for a two-level decrease in a defendant's offense level if the defendant (1) has zero criminal-history points and (2) meets certain criteria. Mr. Vandunk meets the first requirement—he has zero criminal-history points. But he doesn't meet the rest of § 4C1.1's criteria.

The relevant criterion is § 4C1.1(a)(5), which requires that "the instant offense of conviction is not a sex offense." As defined in § 4C1.1(b)(2), the term sex offense means, as relevant here, "an offense under . . . chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual." In this case, Mr. Vandunk was convicted of violating 18 U.S.C. § 2422(a)—transporting an individual to travel to engage in prostitution. This offense arises under chapter 117 of title 18, so it qualifies as a sex offense. Mr. Vandunk's sex offense thus disqualifies him from utilizing the Zero-Point Offender provision. *See United States v. Schaefer*, No. 14-CR-05040-01-MDH, 2024 WL 3203320, at *1 (W.D. Mo. June 27, 2024) (finding defendant convicted of violating 18 U.S.C. § 2422(b) ineligible for Amendment 821's new § 4C1.1 because offense is a sex offense under chapter 117 of title 18); *United States v. Ledoux*, No. 1:19-CR-68-01, 2024 WL 939996, at *1 (W.D. Mich. Mar. 5, 2024) (same).

Because Amendment 821 doesn't lower Mr. Vandunk's Guideline range, the court lacks jurisdiction to reduce his sentence. *C.D.*, 848 F.3d at 1289. The court thus dismisses the Motion for Adjustment of Sentence (Doc. 164).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Vandunk's Motion for Adjustment of Sentence (Doc. 164) is dismissed.

**Dated this 23rd day of December, 2025, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**